IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00192-M-RN

KAREN WILLIAMS,

    Plaintiff,

v.

UNASAM UMEUETT, et al.,

    Defendants.

ORDER

This matter comes before the court on a memorandum and recommendation ("M&R") issued by United States Magistrate Judge Robert T. Numbers, II pursuant to 28 U.S.C. §§ 636(b)(1) and 1915 and Federal Rule of Civil Procedure 72(b), recommending that this court dismiss Plaintiff's complaint for lack of the court's subject matter jurisdiction. DE 7. Judge Numbers instructed the Plaintiff to file any written objections to the M&R on or before May 27, 2025. *Id.* Plaintiff timely filed an objection on May 21, 2025, and the matter is now ripe for consideration by this court.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial*

*Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Judge Numbers is correct that the operative pleading, despite its assertion of federal question jurisdiction, states no federal claims for relief; rather, liberally construed, the complaint appears to allege a residential contract dispute.[1] *See* DE 1. Plaintiff contends, however, that she is a recipient of benefits under a Housing and Urban Development (HUD) program and, thus, believes that she properly states a federal action. DE 8.

Because the complaint, itself, mentions nothing about a HUD program or any federal benefits, the court will permit the Plaintiff to file an Amended Complaint that states her claim in a clear and concise manner (i.e., describe what happened and/or who did what to who) and identifies why she believes her claim arises under federal law. The Clerk of the Court shall provide, with a copy of this order, a complaint form to the Plaintiff for her use in preparing an Amended Complaint. If Plaintiff fails to file such amended pleading within thirty (30) days of the date of this order, the court will dismiss the action without prejudice for lack of subject matter jurisdiction.

Accordingly, the court ADOPTS IN PART AND REJECTS IN PART the recommendation of the magistrate judge. This order shall in no way be construed to impart this court's opinion one way or the other regarding whether Plaintiff can state a plausible claim for relief in this case.

SO ORDERED this 22d day of May, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Judge Numbers is also correct, and Plaintiff agrees, that the complaint does not plausibly assert the court's diversity jurisdiction.